GENERAL BRONZE CORPORATION, Respondent, *v.* NORTH AMERICAN VAN LINES, INC., Appellant.

First Department, May 9, 1972.

*Preben Jensen* of counsel (*Casey, Lane & Mittendorf,* attorneys), for appellant.

*Lester C. Lockwood* of counsel (*Joseph Fennelly, Jr.,* with him on the brief; *Gross & Hope, Lockwood & Fennelly,* attorneys), for respondent.

McNALLY, J. In this action to recover for property damage, defendant appeals from a judgment entered September 7, 1971, after a nonjury trial, LEFF, J., in plaintiff's favor in the sum of $13,226.48, with interest and costs for a total of $19,141.79. For the reasons hereafter indicated, we modify and reduce the judgment to the sum of $600 plus interest from June 11, 1965, without costs (see CPLR 8102, subd. 1) and affirm the judgment as so modified, with costs to appellant.

The plaintiff shipped and defendant undertook to carry architectural bronze window frames from Garden City, New York, to Detroit, Michigan, for insertion in the facade of a Michigan Bell Telephone building.

Defendant, an interstate household goods motor carrier operating under an Interstate Commerce Commission Certificate of Public Convenience and Necessity, is authorized by section 20 (subd. [11]) of title 49 of the United States Code and Interstate Commerce Commission Released Rates Order No. MC-362 to establish rates based upon the value at which a shipper releases his goods for shipment and to limit its liability for damages to the declared value. Defendant has established such rates in its tariff. Plaintiff shipped its frames with a released value of 30 cents per pound.

Plaintiff has had recovery in full for its alleged damages sustained apparently when two of the frames struck an overhead bridge while the defendant's van was proceeding on the Cross Bronx Expressway. Defendant pleaded the 30-cents-per-pound limitation of the tariff and bill of lading. Plaintiff claims this defense is not available since the frames were not household goods and the conditions of defendant's bill of lading, including the limitation of defendant's liability, are void and of no effect.

When the case was here before (29 A D 2d 514), we held, modifying a denial of summary judgment, that plaintiff was entitled to recover a minimum of 30 cents a pound. We further held that recovery beyond 30 cents a pound presented issues of fact and the nature of the shipment, its handling and the equipment required in respect thereto were such issues.

We hold the proof clearly shows that plaintiff's frames were household goods within the definition of that term adopted by the Interstate Commerce Commission and the trial court was in error holding to the contrary. Further, the record makes it manifest it was the special equipment supplied by the defendant as a household mover that plaintiff sought.

The plaintiff's traffic manager testified that the change to defendant from the common commodities carriers, whose services he used in the past for transport of frames of this type, was by reason of the fact that common commodities carriers did not do a satisfactory job. Defendant, on the other hand, had the type of equipment to be used in the movement which would require open top vehicles with low beds and special services, including blanketing and wide logistic straps to protect the highly polished surface of the frames. In addition, the routing of the vans was required to be tested for tunnel and underpass heights compatible with the height of the door frames, and permits for passage through the various States required to be obtained.

There is no dispute as to the essential facts. Plaintiff's and defendant's witnesses affirmed the special handling, routing and equipment required and utilized in the loading and transportation of the architectural window frames. In addition, defendant's expert testimony was to the effect that the shipment was clearly within the category of rates for household goods. Plaintiff offered no testimony to the contrary.

The definition of household goods contained in Practices of Motor Common Carriers of Household Goods, 17 MCC 467, is as follows: '' The term 'household goods' means personal

effects and property used or to be used in a dwelling when a part of the equipment or supply of such dwelling; furniture, fixtures, equipment and the property of stores, offices, museums, institutions, hospitals, or other establishments when a part of the stock, equipment or supply of such stores, offices, museums, institutions, hospitals, or other establishments; and articles, including objects of art, displays, and *exhibits, which because of their unusual nature or value require the specialized handling and equipment usually employed in moving household goods."* (Emphasis added.)

In 1961, the Interstate Commerce Commission interpreted the definition of household goods as follows (*Ex Parte* No. MC 19):

"§ 176.1 DEFINITIONS. As used in this part: (a) HOUSEHOLD GOODS. The term ' household goods ' means

\* \* \*

and (3) articles, including objects of art, displays, and exhibits, which because of their unusual nature or value require the specialized handling and equipment usually employed in moving household goods."

The conclusion of the trial court that plaintiff's shipment falls outside the definition of household goods is clearly against the weight of the evidence.

The computation of the amount for which defendant is liable is governed by the provision of defendant's tariff, excerpts from which are printed on the back of the bill of lading. The relevant provision reads as follows:

" SECTION 1. The carrier shall be liable for physical loss of or damage to any articles from external cause while being carried or held in storage in transit

\* \* \*

SUBJECT, in addition to the foregoing, to the further following limitations on the carrier's liability:

(1) to 30¢ per pound of the weight of the lost or damaged article if the shipper has failed to make, in writing, any declaration of the value of the entire shipment ".

Accordingly, the plaintiff is entitled to recover 30 cents a pound of the weight of the two damaged frames, testified to by plaintiff's former traffic manager. Their weights were given by plaintiff's witness as between 900 and 1,000 pounds. Computed on that basis, plaintiff's damages are limited to 2 x 1,000 x 30 cents, or $600.

In view of our holding, it is not necessary to consider the issue whether the Interstate Commerce Commission had exclusive primary jurisdiction to determine whether plaintiff's

bronze frames may be carried by a household goods carrier in interstate commerce. In that connection, see *United States* v. *Western Pac. R. R. Co.* (352 U. S. 59). For the same reason, we do not pass on the contention that the proof of damages was inadequate on various grounds, including failure to produce the records kept in the regular course of business.

Under the provisions of CPLR 5522, we should, on the appeal from a judgment rendered by the court without a jury, unless we affirm, grant the judgment which the court below ought to have granted. (*Society of New York Hosp.* v. *Burstein,* 22 A D 2d 768.) Accordingly, we modify the judgment on the law and the facts to reduce the judgment to the sum of $600 plus interest from June 11, 1965.

Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions are made consonant with this opinion.

STEVENS, P. J., McGIVERN, STEUER and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on September 7, 1971, after a nonjury trial, unanimously modified on the law and the facts, to reduce the judgment to the sum of $600 plus interest from June 11, 1965, without costs [see CPLR 8102, subd. 1], and as so modified, affirmed. Findings of fact and conclusions of law inconsistent with the opinion of this court filed herein are unanimously reversed and new findings and conclusions are made consonant with said opinion. Appellant shall recover of respondent $50 costs and disbursements of this appeal.

Settle order on notice.